## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SANFORD HEALTH PLAN, | ) |
| Plaintiff, | ) |
| | ) Case No. 17-357C |
| v. | ) Judge Eric G. Bruggink |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
"MOTION FOR STAY OR, ALTERNATIVELY, TO ENLARGE THE TIME TO
RESPOND TO SANFORD'S MOTION FOR PARTIAL SUMMARY JUDGMENT"**

**INTRODUCTION**

Plaintiff, Sanford Health Plan ("Plaintiff" or "SHP") filed a Motion for Partial Summary Judgment nearly five weeks ago on March 22, 2017. Pl.'s Mot. Partial Summ. J., ECF No. 5. On the eve of its response deadline, the Government now seeks to stay SHP's case indefinitely. In the alternative, the Government requests that this Court grant a 60-day extension.

The Government has filed similar motions in at least six other "risk corridors" cases. Each such request has been denied because the Government cannot demonstrate the requisite "pressing need." *See* Procedural Order, *Molina Healthcare of Cal., Inc., et al. v. United States* (No. 17-97C) (Fed. Cl. Mar. 24, 2017) (Wheeler, J.) ("Molina Order"), ECF No. 10; Order, *Health Net, Inc. v. United States*, No. 16-1722C (Fed. Cl. Mar. 2, 2017) (Wolski, J.), ECF No. 8; Order, *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Fed. Cl. Feb. 21, 2017) (Griggsby, J.), ECF No. 8; Order, *Montana Health CO-OP v. United States*, No. 16-1427C (Fed. Cl. Dec. 14, 2016) (Wolski, J.), ECF No. 16; Opinion and Order, *Moda Health Plan, Inc. v. United States*, No. 16-649C (Fed. Cl. Nov. 28, 2016) (Wheeler, J.) ("Moda Order"), ECF No. 12; Order, *Maine Cmty. Health Options v. United States*, No. 16-967C (Fed. Cl. Dec. 2, 2016) (Merow, J.); ECF. No. 16.

In addition to its failure to demonstrate a pressing need for a stay, the Government's rationale for a stay is self-contradictory. On the one hand, the Government argues that the risk corridors cases raise "identical" issues. Def.'s Mot. Stay 1-2, 4-5, 6, ECF No. 6. The Government even cites to similarities between various plaintiffs' briefs. On the *other* hand, the Government argues that the Court should delay proceedings in *SHP's* case because the Government must conduct "consultation and coordination" and "burdensome work" before it can respond to SHP's motion. *Id.* at 7. The Government asserts that this unspecified "burdensome

1

work" justifies an open-ended stay of SHP's case while other lawsuits are decided. *See id*. But the workload of a defendant's legal counsel does not present a "pressing need" to stay a well-pleaded cause of action brought in good faith by an aggrieved plaintiff. And in any case, the Government's claims that plaintiffs have raised "identical" claims and that those "identical" claims "ha[ve] been fully briefed . . . and argued," belie the assertion that such "consultation" and "burdensome work" prevents it from filing a response. *Id*. at 1, 7.

Against this backdrop, it is instructive that the Government waited until the last possible moment to file its stay request. Within hours of conferring with SHP about a possible extension, the Government filed a nine-page brief, complete with detailed record citations, demanding a stay or a lengthy extension over SHP's objection.[1] The Government's effort to increase the motions pending before the Court hardly seems consistent with its claim to be bogged down in the "burdensome work associated with the risk corridors cases." *Id.* at 7. It would strain credulity to think that one business day[2] before the deadline, having already filed summary judgment responses in "identical" cases, the Government does not already have its brief ready to file.

The central issue in this case is the Government's refusal to fulfill its statutory obligation to make payments under the risk corridors program ("RCP") established by Section 1342 of the Affordable Care Act ("ACA"). As detailed in SHP's Complaint and its March 22, 2017 Motion for Partial Summary Judgment, the Government owes SHP $8,979,924.04. Compl. ¶¶ 18, 58-64, 69, 77, 81; Pl.'s Mot. Partial Summ. J. 40. The Government's actions have substantially prejudiced SHP and its members, who rely on SHP for healthcare coverage.

---

[1] The Government's request for a sixty-day extension is "essentially a request for a stay in all but name." *See* Moda Order 3.
[2] SHP received notice of the Government's filing at 6:04 PM on Thursday, April 20, 2017.

SHP is diligently prosecuting its claim in good faith, and is entitled to pursue a timely decision on the merits. Absent a pressing need, the Government must engage on the substantive issues raised in SHP's motion. Accordingly, Plaintiff respectfully requests that the Court deny the Government's motion to delay proceedings in this case.

## **STANDARD**

While this Court unquestionably has broad discretion to manage its docket, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997), that discretion is bounded by due regard for the plaintiff's interests in obtaining justice for its cause. *Id*. at 707 (finding that district court abused its discretion in granting stay); *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Hendler v. United States*, 952 F.2d 1364, 1380 (Fed. Cir. 1991)) (stating that discretion to stay "is not . . . without bounds"); *Nat'l Food & Beverage Co. v. United States*, 96 Fed. Cl. 258, 263 (2010) (noting that discretion to stay "is not unbounded.").

The Federal Circuit thus applies a tripartite formula to motions for indefinite stays:

(i) "a trial court must first identify a pressing need for the stay;"

(ii) "[t]he court must then balance interests favoring a stay against interests frustrated by the action;" and

(iii) "[o]verarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it."

*Cherokee Nation*, 124 F.3d at 1416; *see Commonwealth Edison Co. v. United States*, 46 Fed. Cl. 29, 34 (2000), *aff'd*, 271 F.3d 1327 (Fed. Cir. 2001) (citing same formula); *Freeman v. United*

*States*, 83 Fed. Cl. 530, 533 (2008) (same).[3]  As the Supreme Court first observed in 1936, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

Here, the Government's request should be denied because (1) the Government has identified no "pressing need" for a stay, (2) the balance of interests weighs against a stay, and (3) this Court's paramount obligation to timely exercise jurisdiction weighs in favor of denying the requested stay.

I. **THE GOVERNMENT CANNOT MEET ITS BURDEN TO DEMONSTRATE A PRESSING NEED TO STAY PROCEEDINGS.**

In deciding the Defendant's Motion for Stay or, Alternatively, to Enlarge the Time to Respond to Sanford's Motion for Partial Summary Judgment ("Stay Motion"), this Court must first and foremost identify a "pressing need" for the stay. *See Cherokee Nation*, 124 F.3d at 1416. The Government bears the burden of demonstrating its need. *See Clinton*, 520 U.S. at 708 (finding that the "proponent of a stay bears the burden of establishing its need" (citing *Landis*, 299 U.S. at 255)); *St. Bernard Par. Gov't v. United States*, 99 Fed. Cl. 765, 771 (2011). The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. A trial court abuses its discretion if it issues a stay of

---

[3] The Government's request to stay this action "pending this Court's disposition of" *Maine* constitutes a request for an "indefinite stay" subject to the Federal Circuit's formula. Def.'s Mot. Stay 1. *See Consolidation Coal Co. v. United States*, 102 Fed. Cl. 489, 493 (2011) (finding a request to delay litigation until another case was decided to be a request for an indefinite stay). The Oxford English Dictionary defines "indefinite" as "undefined, unlimited; the opposite of definite." Definition of *Indefinite, Oxford English Dictionary* (2nd ed. 1989). Notwithstanding the Government's contention that it seeks a "time-limited stay of all proceedings" and reliance on the briefing status of other cases, the Government does not even attempt to explain how a stay of unknown duration could qualify as anything other than "indefinite." *See* Def.'s Mot. Stay 7.

4

indefinite duration "in the absence of a pressing need." *Id.*; *see Clinchfield Coal Co. v. United States*, 102 Fed. Cl. 592, 596 (2011) ("Stays of indefinite duration require a showing of a pressing need.").

The Government's request fails on this threshold issue. Its motion identifies no pressing need whatsoever. Rather, the apparent basis for its requested stay is the Government's claim that the risk corridors cases are burdensome for the Commercial Litigation Branch of the Department of Justice's Civil Division and that "activity" in these cases has "consumed substantial resources of the United States." Def.'s Mot. Stay 2. The Government has raised this identical argument unsuccessfully in other risk corridors cases, beginning in October 2016. *See, e.g.*, Def.'s Mot. Stay 2, *Maine Cmty. Health Options*, No. 16-967C (Fed. Cl. Oct. 31, 2016), ECF No. 8; Def.'s Mot. Stay 3, *Montana Health CO-OP*, No. 16-1427C (Fed. Cl. Nov. 17, 2016), ECF No. 8; Def.'s Mot. Stay 2, *Health Net, Inc.*, No. 16-1722C (Fed. Cl. Mar. 1, 2017), ECF No. 6.

For obvious reasons, the Government cites no authority for the proposition that the purportedly taxed resources of trial counsel supports a stay of a plaintiff's case—such a proposition would be transparently arbitrary even where the cases involve common subject matter. Defendant's case load falls short of the sort of "pressing need" this Court requires. *See supra* at 1 (collecting cases rejecting this argument). It would also be unseemly for the Government to bar an aggrieved plaintiff from the courthouse on the grounds that the suit inconveniences the Government—even more so in this case, where the Government urges the Court to lump together the fates of plaintiffs, but concedes that they have raised distinct claims. Def's Mot. Stay 6 n.9 (conceding that SHP raised an implied contract claim that is not before the Court in *Maine*).

The notion that *this case* will overtax the Government's resources is greatly overstated. The Government's "familiarity with the issues presented and the ample size of the legal staff devoted to these cases" militates *against* granting a stay. Molina Order 2-3. For the very same reason, the Government's assertion that a stay in this case would "conserve judicial resources, as well as the resources of both parties," *see* Def. Mot. Stay 6, cannot be taken seriously. The Government's position is already of record in several other risk corridors cases.

SHP's case is not uniquely onerous for the Government. SHP is entitled to a decision on the merits no less than any other plaintiff. If judges of this Court were to hold cases in abeyance anytime a similar case had already been docketed, the wheels of justice would slow to a crawl for numerous well-deserving plaintiffs. Here, the law does not support the Government's request for an indefinite stay. *See Cherokee Nation*, 124 F.3d at 1416 (where the only reason for granting the stay was that it would avoid duplicative litigation and conserve judicial resources, finding that "this concern falls short of the 'pressing need' required when a trial court seeks to suspend its proceedings indefinitely"); *Prati v. United States*, 82 Fed. Cl. 373, 378 (2008) (in denying reconsideration, noting that, unlike a stay pending an interlocutory or administrative appeal, "concerns about resources and judicial economy are not as relevant" to requests for indefinite stays pending Federal Circuit resolution of a companion case decided by this Court).[4]

## II. THE BALANCE OF INTERESTS WEIGHS AGAINST A STAY OF THESE PROCEEDINGS.

Not only has the Government failed to articulate a "pressing need," but also a stay would unduly frustrate the interests of SHP. *See Landis*, 299 U.S. at 255 (a stay would not be

---

[4] To the extent that the Government's motivation is that by delaying this case it might be able to avail itself of favorable decisions of other judges of this Court, or any related outcome on appeal, the Stay Motion would have to be rejected not only because it does not present a pressing need, but also as mere defensive forum shopping. The Federal Circuit has considered parties' motives in seeking stays and has noted that it "need not countenance such legal gamesmanship." *Commonwealth*, 46 Fed. Cl. at 34.

appropriate where there is "a fair possibility that the stay . . . will work damage" to the non-moving party); *Cherokee Nation*, 124 F.3d at 1416. SHP's good-faith desire for a decision on the merits as soon as practicable eclipses whatever limited regard the Court should give to the workload argument raised by the Government.

SHP is entitled to develop its arguments as it deems fit. It, no less than any other plaintiff, is entitled to be heard, irrespective of whether other plaintiffs with similar claims filed complaints as well. Case and point: SHP has, as the Government recognizes, advanced the specific claims of its choice in this case and moved for partial summary judgment with respect to one of them. That strategic decision is the type of legal judgment that SHP is entitled to make for itself. A plaintiff does not lose its right to be heard in a timely manner merely because another plaintiff filed a similar suit. It is for that reason that this Court has repeatedly permitted cases to move forward despite the pendency of related litigation. *See, e.g.*, *Cherokee Nation*, 124 F.3d at 1418 (trial court abused its discretion in staying proceedings pending resolution of related quiet title action in another court); *Nez Perce Tribe v. United States*, 101 Fed. Cl. 139, 140 n.1 (2011) (2006 case in this Court proceeded while district court action brought by same party was pending); *Nat'l Food*, 96 Fed. Cl. at 269 (denying motion to stay takings claim pending resolution of related condemnation lawsuit involving portion of same property); *Clinchfield*, 102 Fed. Cl. at 598 (denying motion to continue stay pending resolution of litigation raising similar issues).

Moreover, the resolution of distinct plaintiffs' claims in similar cases will collectively better inform the court of appeals, as necessary, about the important issues raised in this and the other cases. *See United States v. Mendoza*, 464 U.S. 154, 160 (1984) (stressing the importance of allowing "difficult question[s]" to percolate among the multiple courts of appeals before

granting certiorari); *Prati*, 82 Fed. Cl. at 378 (noting that "additional [cases of the type at issue] could benefit the Federal Circuit . . . ."); *Columbus Fruit & Vegetable Co-op. Ass'n, Inc. v. United States*, 8 Cl. Ct. 525, 529 (1985) (citing *Mendoza*, 464 U.S. 154 (1984) (applying percolation principle in context of fee dispute affected by Government effort to litigate multiple cases in different forums)).

There is no question that public policy favors "expeditious resolution of litigation." *Prati*, 82 Fed. Cl. at 378 (citing *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989)). The strong interests weighing against a stay overwhelm whatever desire the Government has for a contrary result.

### III. THE COURT'S PARAMOUNT OBLIGATION TO TIMELY ADJUDICATE CASES WEIGHS IN FAVOR OF DENYING THE STAY.

The lack of a "pressing need" and the balance of interests favoring denial of the Stay Motion are joined by yet another overarching consideration: this Court's "paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation*, 124 F.3d at 1416. This Court's own Rule 1 requires that the rules of this Court "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." RCFC 1. This principle springs from the Court's "virtually unflagging obligation . . . to exercise the jurisdiction given [it]" to decide controversies. *Cherokee Nation*, 124 F.3d at 1418 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-15 (1983)).

This Court has jurisdiction to hear Plaintiff's case and, as set forth in its Motion for Partial Summary Judgment, SHP believes the case is capable of resolution as a matter of law. Presumably, the Government believes that this matter can be resolved without an evidentiary

hearing in light of its assertion that other fully briefed cases involve the "identical" legal issues. Def.'s Mot. Stay 7.

## **CONCLUSION**

For the foregoing reasons, SHP respectfully requests that this Court deny the Government's request for an indefinite stay pending resolution of other cases. In the alternative, if the Court deems a short extension to be necessary to permit the Government to file its response, SHP requests that such an extension be limited to April 27, 2017.

Dated: April 24, 2017                               Respectfully submitted,

OF COUNSEL:                                         */s/ Stephen McBrady*
Daniel Wolff, Esq.                                  Stephen McBrady, Esq.
Xavier Baker, Esq.                                  CROWELL & MORING LLP
CROWELL & MORING LLP                                1001 Pennsylvania Avenue, NW
1001 Pennsylvania Avenue, NW                        Washington, DC 20004
Washington, DC 20004                                Tel: (202) 624-2500
Tel: (202) 624-2500                                 Fax: (202) 628-5116
                                                    SMcBrady@crowell.com

                                                    *Attorney for Plaintiff Sanford Health Plan*

# CERTIFICATE OF SERVICE

I certify that on April 24, 2017, a copy of the forgoing "Plaintiff's Opposition to Defendant's 'Motion for Stay or, Alternatively, to Enlarge the Time to Respond to Sanford's Motion for Partial Summary Judgment'" was filed electronically using the Court's Electronic Case Filing (ECF) system. I understand that notice of this filing will be served on Defendant's Counsel, Marc S. Sacks, via the Court's ECF system.

*/s/ Stephen McBrady*
Stephen McBrady, Esq.
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116
SMcBrady@crowell.com