IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SANFORD HEALTH PLAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-357C |
| | ) | |
| v. | ) | |
| | ) | Judge Eric G. Bruggink |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STAY OR, ALTERNATIVELY, TO ENLARGE THE TIME TO RESPOND TO SANFORD'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The United States seeks a brief stay of all proceedings until this Court's ruling in *Maine Community Health Options* v. *United States,* No. 16-967C. In the alternative, should this Court deny a brief stay, we request that this Court enlarge the deadline for the United States to respond to Sanford's motion for partial summary judgment by 60 days, until June 23, 2017.

Sanford fails in its opposition, Dkt. 7 (Pl. Opp.), to the United States' motion to stay, Dkt. 6 (U.S. Mot.), to identify any factual or legal difference between the claim on which it has moved for summary judgment and that pending before this Court in *Maine*, for which the parties completed dispositive motions briefing, argued those motions, and then submitted two rounds of supplemental briefing. While Sanford attacks the United States' request for a time-limited stay, Sanford does not, and cannot, demonstrate that moving forward in this case before this Court issues a decision in *Maine* is anything but a waste of the Court's and the parties' resources. Thus, this Court should use its "sound discretion" to briefly stay this case until it issues a decision in *Maine*. *Freeman v. United States*, 83 Fed. Cl. 530, 532 (2008). Alternatively, as addressed in our motion, the United States requests that this Court enlarge the deadline for the United States to respond to Sanford's motion for partial summary judgment by 60 days, until June 23, 2017.

1

## I. Sanford and Maine Seek Summary Judgment on Identical Claims

In our motion, the United States demonstrated, with comparisons between the complaints and summary judgment motions filed by Sanford and Maine, which are represented by the same counsel, that both plaintiffs seek summary judgment on the identical risk corridors claim based upon section 1342 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18062. U.S. Mot. at 2-5. Sanford's opposition ignores this comparison completely. Sanford does not, because it cannot, identify even one factual or legal difference between its motion for summary judgment and that ripe for decision in *Maine*.[1]

This Court surely will decide *Maine*, which has been briefed and argued, before it decides *Sanford*. Maine filed its complaint seven months before Sanford and moved for summary judgment nearly five months before Sanford. And this Court's decision in *Maine* will be issued on the identical claim on which Sanford seeks summary judgment. If the Court denies a stay and the parties fully brief Sanford's motion for summary judgment now, those briefs will almost certainly become obsolete and need to be supplemented with further briefing the moment this Court decides *Maine*. In contrast, a brief stay in this case until *Maine* is decided will allow the parties to efficiently address that ruling with targeted briefing in a timely fashion.

## II. The United States Does Not Seek an Indefinite Stay

Sanford's contention that the United States seeks an indefinite stay places semantics over practicality. Pl. Opp. at 1, 3, 4, 5, 6, 9. The United States seeks a brief stay here only until this Court decides *Maine*, which is fully briefed and argued. While, of course, the exact date on which this Court will decide *Maine* is unknown, a stay of this case until that event occurs is not

---

[1] The fact that Sanford, unlike Maine, brings a claim for an implied-in-fact contract is not relevant to the issue of a stay. Sanford has only sought summary judgment on it statutory claim.

"indefinite." The alternative - requiring the parties to brief this case now, when the *Maine* decision may fully resolve Sanford's statutory claim – would squander "economy of time and effort for [this Court], for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

### III. A Brief Stay Will Not Prevent Sanford from Having Its Claims Heard Timely or Delay Potential Recovery

In its nine-page opposition, Sanford fails to provide any legitimate justification for moving forward in this case now while a decision in *Maine* is pending. Sanford's argument that a stay would cause it to "lose its right to be heard in a timely manner merely because another plaintiff filed a similar suit" is a red herring. Pl. Opp. at 7. Sanford will be heard and in a timely manner.

In any event, a brief stay will not delay any potential recovery for Sanford should it prevail. The Court has issued decisions denying an insurer's risk corridors claim, *Land of Lincoln Mut. Health Ins. Co. v. United States*, 129 Fed. Cl. 81 (2016), *appeal docketed*, No. 17-1224 (Fed. Cir. Nov. 16, 2016); *Blue Cross and Blue Shield of N.C. v. United States*, No. 16-651C, -- Fed. Cl. --, 2017 WL 1382976 (Apr. 18, 2017), and granting an insurer's claim, *Moda Health Plan, Inc. v. United States*, 130 Fed. Cl. 436 (2017). Briefing before the Federal Circuit in *Land of Lincoln* will be completed by late May, and an appeal in *Moda* is likely. Thus, even if Sanford ultimately prevails on its claim, it will not recover until appeals in the risk corridors cases have concluded.

Thus, briefly staying this case until this Court has decided *Maine* will not alter Sanford's ability to obtain a timely decision or potential recovery – it will only drastically reduce the resources expended by the Court and parties in getting there.

### IV. Conclusion

The United States requests that this Court stay this case until it issues a decision in *Maine*. At that time, this Court should lift the stay and order the parties to resume briefing Sanford's motion for partial summary judgment with specific argument on the application of *Maine*.

3

Alternatively, the United States requests that this Court enlarge the deadline for the United States to respond to Sanford's motion for partial summary judgment by 60 days, until June 23, 2017.

Dated: April 27, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

RUTH A. HARVEY
Director
Commercial Litigation Branch

KIRK T. MANHARDT
Deputy Director

//s/ Marc S. Sacks
MARC S. SACKS
CHARLES E. CANTER
TERRANCE A. MEBANE
FRANCES M. MCLAUGHLIN
L. MISHA PREHEIM
PHILLIP M. SELIGMAN
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
Tel. (202) 307-1104
Fax (202) 514-9163
marcus.s.sacks@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2017, I electronically filed the foregoing UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STAY OR, ALTERNATIVELY, TO ENLARGE THE TIME TO RESPOND TO SANFORD'S MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Marc S. Sacks
MARC S. SACKS
Commercial Litigation Branch
Civil Division
United States Department of Justice